**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANGELA EASON and KEVIN MARTINEAU, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

REVLON CONSUMER PRODUCTS LLC,

Defendant.

Case No. 1:26-cv-05014

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Angela Eason and Kevin Martineau ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action against Revlon Consumer Products LLC ("Defendant"), seeking monetary damages and other remedies.

## NATURE OF ACTION

1. This is a putative class action lawsuit on behalf of purchasers of Mitchum Triple Odor Defense Unscented Antiperspirant and Deodorant (the "Products")[1]:







[1] The Products include Mitchum Men Triple Odor Defense Unscented Deodorant, Mitchum Women Triple Odor Defense Unscented Deodorant.

2. Defendant manufactures, markets, and sells the Products in thousands of stores throughout the United States, including the state of California.

3. Defendant prominently advertises, markets, and sells the Products as antiperspirant & deodorant that is "unscented" (the "Unscented Representation"). The Unscented Representation promises that the Products do not contain fragrance ingredients:






4. Defendant intentionally misleads consumers into believing that the Products do not contain fragrance ingredients. It does this because consumers desire products without fragrance ingredients because fragrance ingredients can cause skin irritation and allergic reactions. As a result, consumers are seeking out products without fragrance ingredients.

5. However, unbeknownst to consumers, the Products do contain fragrance ingredients and are therefore not "unscented."

6. As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Products with the Unscented Representation. Every package of the Products misleads consumers into believing the Products do not contain fragrance.

7. Plaintiffs and Class members purchased the Products, which are designed, marketed, manufactured, distributed, and sold by Defendant. Further, Plaintiffs and Class members relied to their detriment on Defendant's Unscented Representation, when the Products do contain fragrance ingredients and therefore are not unscented. Plaintiffs and Class members would not have purchased the Products – or would not have paid as much as they did to purchase them – had they known the Unscented Representation was false. Plaintiffs and Class Members thus suffered monetary damages as result of Defendant's deceptive and false representation.

8. Plaintiffs bring this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Products for violations (i) California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, (ii) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, (ii) California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, (iv) fraud.

## PARTIES

9. Plaintiff Angela Eason is a citizen and resident of Fresno, California who has an intent to remain there, and is therefore a domiciliary of California. In May of 2026 Plaintiff purchased Mitchum Women's Triple Odor Defense Unscented Antiperspirant and Deodorant from a Target retail store. Prior to her purchase of the Product, Plaintiff reviewed the Product's labeling and packaging and saw that the Product was labeled and marketed as being "unscented." Based on the Unscented Representation, Plaintiff believed she was purchasing a product that did not contain fragrance ingredients. Plaintiff relied on Defendant's Unscented Representation in deciding to purchase her Product. Accordingly, the Unscented Representation was part of the basis of the bargain, in that she would not have purchased the Product on the same terms had she known the Unscented Representation was not true. In making her purchase, Plaintiff paid a price premium for a product that was unscented.

10. Plaintiff Eason remains interested in purchasing the Products if they were actually "unscented" as marketed, and did not contain fragrance ingredients, and if she could have confidence regarding the truth of Defendant's "unscented" marketing and advertising. However, because of the false, deceptive, and misleading "unscented" marketing claims, Plaintiff Eason is unable to rely on the Products' advertising and packaging when deciding in the future whether to purchase the Products.

11. Plaintiff Kevin Martineau is a citizen and resident of Lakewood, California who has an intent to remain there, and is therefore a domiciliary of California. On May 5, 2026, Plaintiff purchased Mitchum Men's Triple Odor Defense Unscented Antiperspirant and Deodorant from Amazon.com. Prior to his purchase of the Product, Plaintiff reviewed the Product's labeling and packaging and saw that the Product was labeled and marketed as being "unscented." Based on the

Unscented Representation, Plaintiff believed he was purchasing a product that did not contain fragrance ingredients. Plaintiff relied on Defendant's Unscented Representation in deciding to purchase the Product. Accordingly, the Unscented Representation was part of the basis of the bargain, in that he would not have purchased the Product on the same terms had he known the Unscented Representation was not true. In making his purchase, Plaintiff Martineau paid a price premium for a product that was unscented.

12. Plaintiff Martineau remains interested in purchasing the Products if they were actually "unscented" as marketed, and did not contain fragrance ingredients, and if he could have confidence regarding the truth of Defendant's "unscented" marketing and advertising. However, because of the false, deceptive, and misleading "unscented" marketing claims, Plaintiff Martineau is unable to rely on the Products' advertising and packaging when deciding in the future whether to purchase the Products.

13. Defendant Revlon Consumer Products LLC is a Delaware limited liability corporation with its principal place of business in New York, New York. Defendant formulates, manufactures, labels, markets, distributes, and sells the Products nationwide under its in-house brand, Mitchum. Defendant has maintained substantial distribution and sales in this District.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendant.

15. Defendant is an "unincorporated association" under CAFA and is therefore "a citizen of the State where it has its principal place of business [New York] and the State under

whose laws it is organized [Delaware].” *See* 28 U.S.C. § 1332(d)(10); *Claridge v. N. Am. Power & Gas, LLC*, 2015 WL 5155934, at *1–2 (S.D.N.Y. Sept. 2, 2015) (“[A]s an LLC, [defendant] is an unincorporated association, and its citizenship in a CAFA action is determined pursuant to section 1332(d)(10)”).

16. This Court has general jurisdiction over Defendant because it maintains its principal place of business in New York, New York and conducts substantial business including the sale, marketing, and advertising of the Products in New York.

17. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS

### I. Unscented Products

18. Consumers are increasingly seeking out “unscented” or “fragrance-free” formulations for personal care products because of increasing consumer awareness of skin and allergen sensitivities.

19. Unscented products appeal to consumers because fragrance ingredients often irritate the skin resulting in redness, rashes, and itchiness. Further, consumers also desire fragrance-free products because they prefer products with minimal additives.

20. As a result, consumers are seeking out unscented products because they believe they will be free of fragrance and therefore will contain fewer ingredients and less potential irritants.

21. In response to this demand, personal care companies – including Defendant – are increasingly introducing unscented product lines to meet consumer demand for minimalist, gentle, non-irritating personal care.

**II. Defendant's "Unscented" Representation is False and Misleading**

22. Defendant falsely and misleadingly represents that the Products are "unscented":

23. However, the Products contain fragrance ingredients, and therefore the Products are not in fact "unscented."

24. Accordingly, because the Products contain fragrance ingredients, the Unscented Representation is false and misleading.

25. Defendant's conduct thus deceived and/or was likely to deceive the public.

26. Plaintiffs and Class members were deceived into believing the Products are "unscented," when in fact they contain fragrance ingredients:






27. Plaintiffs and Class members would not know the true nature of the Products by looking at the front labels of the Products. There is nothing on the front labels (like an asterisk) disclaiming or modifying the Unscented Representation. The Unscented Representation is not ambiguous or vague to reasonable consumers such that they would reasonably think or be expected to investigate the Unscented Representation further before purchasing the products.

28. Moreover, the ingredients list does not preclude consumer deception. As the Second Circuit has noted, "[r]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (insertion in original).

29. Plaintiffs and Class members purchased the Products in reliance on the Unscented Representation, reasonably believing the Products were unscented and did not contain fragrance ingredients.

30. Plaintiffs' and Class members' reasonable belief that the Products were unscented was a significant factor in their decisions to purchase the Products.

31. Plaintiffs and Class members did not know, and had no reason to know, that the Products contained fragrance ingredients because of how the Products are deceptively labeled and advertised to create the impression the Products are unscented. Nothing on the front packaging of the Products indicates that the Products contain fragrance ingredients.

32. Defendant knew that Plaintiffs and Class members would rely on the Unscented Representation and would therefore reasonably believe the Products did not contain fragrance ingredients.

33. Because the Products contain fragrance contrary to the Unscented Representation, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

34. Each Class member has been exposed to the same or substantially similar deceptive practices, as the Products uniformly contains fragrance.

35. Defendant charges more for the Products than they otherwise would (i.e., charge a price premium) as a result of the Unscented Representations on the Products. For example, Defendant charges more per ounce for the Products than a scented variant:

| Product | Size | Price | Price Per Ounce |
|---|---|---|---|
| Mitchum Triple Odor Defense, Mountain Air | 3.4 oz | $5.50 | $1.62 |
| Mitchum Triple Odor Defense, Unscented | 3.4 oz | $6.49 | $1.91 |

36. Consumers are willing to pay a price premium for unscented personal care products. They are also induced to make purchases that they otherwise would not have, but for the belief that the Products did not contain fragrance ingredients. Plaintiffs and Class members would not have purchased the Products had they known the Products contained fragrance ingredients. Further, Plaintiffs and Class members paid a price premium for the Products because of the Unscented Representation. Therefore, Plaintiffs and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Unscented Representation.

## III. No Adequate Remedy at Law

37. Plaintiffs and members of the California Subclass are entitled to equitable relief as no adequate remedy at law exists.

38. **Broader Statues of Limitations.** The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is

one year longer than the statutes of limitations under the FAL and CLRA. Thus, without application of tolling, California Subclass Members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL. Similarly, California Subclass Members who purchased the Products prior to the furthest reach-back under the statute of limitations for fraud will be barred from recovery if equitable relief were not permitted for restitution.

39. **More Prompt, Certain, and Efficient.** Legal remedies are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Legal claims for damages are not equally certain as restitution because claims under the UCL and other equitable claims entail few elements.

40. **Broader Scope of Conduct.** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes, for example, Defendant's overall unfair marketing scheme to promote and brand the Products with Defendant's "unscented" marketing, including the Products' label and packaging, over a long period of time, in order to gain an unfair advantage over competitor products and to take advantage of consumers' desire for products that comport with Defendant's "unscented" marketing. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representations and omissions made on the type of products at issue). Thus, Plaintiffs and the California Subclass may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of Plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal,

family, or household purposes) and other statutorily enumerated conduct; common law fraud claims require a showing of actual deception or reliance).

41. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiffs and the California Subclass because Defendant continues to misrepresent the Products with Defendant's "unscented" marketing. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm – none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of removing Defendant's "unscented" marketing is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. An injunction requiring removal of the claim will prevent the ongoing deception and repeat purchases based thereon. It is also not available through a legal remedy (such as monetary damages). In addition, injunctive relief is necessary because, because discovery and Plaintiffs' investigation have not yet completed. Moreover, for example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future product sales, and quantities of past/future product sales.

42. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

43. **Procedural Posture – Incomplete Discovery & Pre-Certification.** Lastly, this is an initial pleading in this action, and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The

completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiffs' individual claims and any certified class or subclass. Plaintiffs therefore reserve the right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiffs and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## CLASS ALLEGATIONS

44. ***Class Definition*:** Plaintiffs bring this action on behalf all people in the following classes and subclasses (collectively referred to as "Class Members"):

(a). Nationwide Class: all people in the United States who purchased the Products for personal or household use during the last four years.

(b). California Subclass: all people in California who purchased the Products for personal or household use during the last four years.

45. Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment or in the motion for class certification, including through the use of multi-state subclasses to account for material differences in state law, if any.

46. Specifically excluded from the putative classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

47. ***Numerosity***. Class Members are so numerous that their individual joinder herein is impracticable. On information and belief, each Class or Subclass includes hundreds of thousands of consumers. The precise number of Class Members and their identities are unknown to the

Plaintiffs at this time but may be determined through discovery. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, its agents, or other means.

48. ***Commonality and Predominance***. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Common legal and factual questions include, but are not limited to:

a. Whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

b. Whether the omissions and representations on the Products' label and the Products' marketing materials, or any single omission or representation, is false, misleading, and/or deceptive;

c. Whether Defendant's conduct in advertising and selling the Products amounted to unlawful, unfair, and/or deceptive business practices;

d. Whether Plaintiffs and the Class Members are entitled to equitable and/or injunctive relief;

e. Whether Plaintiffs and the Class Members have sustained damage as a result of Defendant's unlawful conduct;

f. The proper measure of damages sustained by Plaintiffs and the Class Members; and

g. Whether Defendant was unjustly enriched by its unlawful practices.

49. ***Typicality***. The claims of the Plaintiffs are typical of the claims of the Class Members in that Plaintiffs and the Class Members sustained damages as a result of Defendant's uniform wrongful conduct, as alleged above.

50. ***Adequacy***. Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the classes. Plaintiffs have no interests that are antagonistic to those of the Class Members. Plaintiffs have no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed Class Members.

51. ***Superiority***. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for Class Members; the Class Members are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

52. Defendant has acted or failed to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief with respect to the Class Members as a whole.

53. Without a class action, Defendant will continue a course of action that will result in further damages to the Plaintiffs and Class Members and will likely retain the benefits of its wrongdoing.

## COUNT I
**Violation of California's Consumers Legal Remedies Act**
**Cal. Bus. & Prof. Code § 1750, *et seq.***
**(On Behalf of the California Subclass)**

54. Plaintiffs incorporate by reference paragraphs 1-53 of this Complaint as if fully stated herein.

55. Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

56. Plaintiffs and the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

57. Plaintiffs, Class Members, and Defendant have engaged in "transactions" as that term is defined by California Civil Code § 1761(e).

58. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

59. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiffs and the other Class Members that the Products are "unscented" when in fact the Products are not because they contain fragrance.

60. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7), and (a)(9).

61. Defendant's "unscented" marketing was likely to deceive, and did deceive, Plaintiffs and reasonable consumers. Defendant knew, or should have known, through the exercise of reasonable care, that these statements were inaccurate and misleading.

62. Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing the Products. Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decision.

63. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

64. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the California Subclass.

65. Plaintiffs and the California Subclass were injured as a direct and proximate result of Defendant's conduct because (1) they would not have purchased the Products if they had known that the Products were not "unscented;" and (2) they overpaid for the Products because the Products are sold at a price premium due to Defendant's misrepresentations.

66. Accordingly, Plaintiff, on behalf of herself and all other members of the California Subclass, seeks to enjoin the unlawful acts and practices described herein.

67. On June 8 and June 10, 2026, CLRA demand letters were sent to Defendant via certified mail with return receipt requested. These letters provided notice of Defendant's violation of the CLRA, for Plaintiffs and the class, and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged herein.

**<u>COUNT II</u>**
**Violation of California's False Advertising Law**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On Behalf of the California Subclass)**

68. Plaintiffs incorporate by reference paragraphs 1-53 of this Complaint as if fully stated herein.

69. Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

70. Defendant's acts and practices, as described above, have deceived and are likely to continue to deceive Class Members and the public. As described throughout this Complaint,

Defendant misrepresented the Products as "unscented." By its actions, Defendant disseminated uniform advertising regarding the Products to and across California and the United States. The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of Cal. Bus. & Prof. Code §§ 17500, *et seq.* Such advertisements were intended to – and likely did – deceive the consuming public.

71. The above-described false, misleading, and deceptive advertising Defendant disseminated in its "unscented" marketing continues to have a likelihood to deceive in that Defendant represented that the Products were "unscented," when in fact the Products are not because they contain fragrance.

72. In making and disseminating these statements, Defendant knew, or reasonably should have known, that its advertisements were untrue and misleading in violation of California law. Plaintiffs and the California Subclass based their purchasing decision on Defendant's "unscented" marketing. Plaintiffs and the California Subclass were injured in fact and lost money as a result.

73. The misrepresentations by Defendant about the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute a violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

74. As a result of Defendant's wrongful conduct, Plaintiffs and the Class Members lost money in an amount to be proven at trial. Plaintiffs and the Class Members are therefore entitled to restitution as appropriate for this cause of action.

75. Plaintiffs seek all available relief under the FAL.

**COUNT III**
**Violation of California's Unfair Competition Act**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of the California Subclass)**

76. Plaintiffs incorporate by reference paragraphs 1-53 of this Complaint as if fully stated herein.

77. Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

78. California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." For the reasons discussed above, Defendant have engaged unlawful, unfair, and fraudulent business acts or practices in violation of California Business and Professions Code § 17200.

79. Defendant has violated the UCL by engaging in unlawful business practices by violating the CLRA, Cal. Civ. Code §§ 1770 (a)(5), (a)(7), and (a)(9), by violating California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by violating California's Business and Professional Code § 17580.5, and by violating the common law by, inter alia, making false representations and warranties in its "unscented" marketing concerning the Products and retaining the unlawfully obtained benefit therefrom. Plaintiffs reserve the right to allege additional violations of law which constitute other unlawful business acts or practices.

80. Defendant has also violated the UCL's prohibition on unfair business practices because its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

81. There were reasonably available alternatives to further Defendant's legitimate business interest other than by engaging in the conduct described above.

82. Defendant has further violated the UCL's prohibition on fraudulent business practices by making knowingly, or that which Defendant reasonably should know, false and misleading representations and warranties about its Products which were likely to deceive the consuming public within the meaning of Cal. Bus. & Prof. Code § 17200.

83. Plaintiffs and the California Subclass suffered a substantial injury by virtue of buying Products they would not have purchased absent Defendant's unlawful, unfair, and fraudulent marketing and advertising about the nature of the Products.

84. There is no benefit to consumers or competition from Defendant's marketing detailed herein claiming that the Products were "unscented" when they were not.

85. Plaintiffs and the California Subclass had no way of reasonably knowing that the Products they purchased was not marketed, packaged, or labeled accurately. Thus, they could not have reasonably avoided the injury each of them suffered.

86. The gravity of the consequences of Defendant's conduct as described outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace. Such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiffs and the California Subclass.

87. Plaintiffs seek all available relief under the UCL.

## COUNT IV
## Fraud
## (On Behalf of the Nationwide Class and California Subclass)

88. Plaintiffs incorporate by reference paragraphs 1-53 of this Complaint as if fully stated herein.

89. Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class and California Subclass against Defendant.

90. As discussed above, Defendant provided Plaintiffs and Class and Subclass members with false or misleading material information about the Products in its marketing, including but not limited to the fact that the Products were "unscented."

91. These misrepresentations were made with knowledge of their falsehood.

92. The misrepresentations made by Defendant in its "unscented" marketing, upon which Plaintiffs and Class and Subclass members reasonably and justifiably relied, were intended to induce, and actually induced Plaintiffs and Class and Subclass members to purchase the Product.

93. The fraudulent actions of Defendant caused damage to Plaintiffs and Class and Subclass members, who are entitled to damages and other legal and equitable relief as a result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

(A) For an order certifying the classes and naming Plaintiffs as the representatives of the classes;

(B) For an order declaring Defendant's conduct violates the statutes referenced herein;

(C) For an order finding in favor of Plaintiffs and the classes on all counts asserted herein;

(D) For actual, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury, except as to the First Cause of Action;

(E) For prejudgment interest on all amounts awarded;

(F) For an order of restitution and all other forms of equitable monetary relief;

(G) For injunctive relief as pleaded or as the Court may deem proper; and

(H) For an order awarding Plaintiffs and the classes their reasonable attorney fees, expenses, and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a jury trial on all issues so triable.

Dated: June 12, 2026

**FARUQI & FARUQI, LLP**

By: */s/ Innessa M. Huot*
Innessa M. Huot

685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
ihuot@faruqilaw.com

Brittany S. Scott*
**SMITH KRIVOSHEY, PC**
28 Geary Str Ste. 650 No. 1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415
E-Mail: brittany@skclassactions.com

*Counsel for Plaintiffs and the Class*

**Pro hac vice forthcoming*

**CLRA Venue Declaration, Civil Code § 1780(d)**

I, Innessa M. Huot, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could competently testify hereto.

2. I am the attorney for Plaintiffs in the above-captioned action.

3. I submit this declaration in support of the Class Action Complaint, which is based in part on violations of the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*

4. The Class Action Complaint has been filed in the proper place for trial of this action.

5. It is my understanding that Defendant maintains its principal place of business in this District.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed on June 12, 2026, in New York, New York.

By: *__/s/ Innessa M. Huot__*
Innessa M. Huot