UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANGELA EASON, et al., Plaintiffs, -v- REVLON CONSUMER PRODUCTS LLC, Defendant. | : | 26-CV-05014 (JAV) |
| MARIA KHANGI, et al., Plaintiffs, -v- REVLON CONSUMER PRODUCTS LLC, Defendant. | : | 26-CV-05254 (JAV) |

CONSOLIDATION AND SCHEDULING ORDER

JEANNETTE A. VARGAS, United States District Judge:

On July 20, 2026, Plaintiff's counsel in *Eason et al. v. Revlon Consumer Products LLC*, 26-CV-05014 (the "Eason Action") and *Khangi et al. v. Revlon Consumer Products LLC*, 26-CV-05254 (the "Khangi Action"), along with conferred counsel for Defendant Revlon Consumer Products LLC ("Defendant") submitted a letter indicating that the parties believe consolidation to be appropriate, at least for pretrial purposes, due to the similarity of the claims against the same defendant. ECF No. 13. Accordingly, the cases are hereby CONSOLIDATED pursuant to Rule 42(a) for pre-trial purposes. (The Court will address whether consolidation for trial is warranted at a later date.)

By July 31, 2026, Plaintiffs will file a single amended consolidated complaint but will not add any new substantive allegations, claims or parties to the amended consolidated complaint that are not alleged in one of the Related Actions, and thus notwithstanding this amendment, may amend once more as of right under Rule 15(a)(1).

Defendant's motion to dismiss the consolidated complaint is due September 4, 2026. Under Rule 15(a)(1)(B), a plaintiff has twenty-one (21) days after the service of a motion under Rule 12(b) to amend the complaint once as a matter of course.

If Plaintiffs elect to amend the consolidated complaint, they shall file any amended complaint by **October 5, 2026**. Pursuant to Local Civil Rule 15.1, available at https://www.nysd.uscourts.gov/rules, any amended complaint should be filed with a redline showing all differences between the original and revised filings. Plaintiffs are on notice that there will likely not be any further opportunity to amend the complaint to address issues raised by the motion to dismiss.

If Plaintiffs do amend, by three (3) weeks after the amended complaint is filed, Defendant shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF stating that it relies on the previously filed motion to dismiss. If Defendant files an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot. If Defendant files a new motion to dismiss or indicates that it relies on its previously filed motion to dismiss, any opposition shall be filed within fourteen days, and any reply shall be filed within seven days of any opposition.

If Plaintiffs elect not to amend the pleadings, Plaintiffs shall file any opposition to the motion to dismiss by **October 5, 2026**. Defendant's reply, if any, shall be filed by **October 26, 2026**.

The Court also finds good cause to **GRANT** the parties' joint application to stay discovery pending resolution of Defendant's motion to dismiss. *See Hong Leong Fin. Ltd. (Signapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." (cleaned up)).

The Clerk of the Court is respectfully directed to consolidate these cases under the lead case, the Eason Action at Docket No. 26-CV-05014 and to close the Khangi Action at Docket No. 26-CV-05254. All future filings shall be on the 26-CV-05014 docket.

SO ORDERED.

Dated: August 19, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge